No. 18,064.

ROLAND L. LINDER, ET AL. AS COLORADO STATE BOARD OF EXAMINERS OF ARCHITECTS *v.* CURTIS E. COPELAND.
(320 P. [2d] 972)

Decided January 27, 1958.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mrs. PATRICIA H. MALOY, Assistant, Mr. JOHN W. PATTERSON, Assistant, for plaintiffs in error.

Messrs. HOLLEY & BOATRIGHT, Messrs. DONALDSON, HOFFMAN & GOLDSTEIN, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFFS in error were defendants in the trial court and we will refer to them as defendants or as the Board. Defendant in error, to whom we will refer as Copeland, filed his complaint in the district court of the City and County of Denver against defendants as members of the Colorado State Board of Examiners of Architects, in which he sought to compel the issuance to him of a license to practice architecture in Colorado. He claimed the right to said license under the provisions of C.R.S. 1953, 10-2-14, which reads in pertinent part as follows:

"At any time within six months after this article becomes effective, upon due application therefor, the board shall issue a license without written or oral examination to:

"(1)   Any person who has been engaged in the practice of architecture in Colorado, as defined in subsection (1) of section 10-2-2, for a period of three years prior to the effective date hereof; * * *."

The district court issued an order on defendants to show cause within twenty days why the relief prayed for in the complaint should not be granted, and directed them to certify a transcript of all records and proceedings before said Board relating to plaintiff's application for a license to practice architecture and the denial thereof by the Board.

The Board, in compliance with this order, sent to the district court a certified record of the proceedings before it. It also filed an answer the effect of which was to raise a single issue, namely, whether upon the showing made by Copeland he was entitled to the issuance of a license under the statutory provision above quoted.

The trial court, upon hearing, entered judgment in favor of Copeland, and ordered the license to issue as prayed for. The Board, seeking reversal of the judgment, brings the cause here for review by writ of error.

From the record as certified to the district court it appears that Copeland filed his application for the issuance of an architect's license with the Board on the Board's approved form, which he supplemented by voluminous exhibits consisting of a history of his educational qualifications and experience in the field of architecture for fifteen years prior to the date of his application. Numerous sets of plans, blueprints and drawings, with specifications attached, were appended to the application, all of which were prepared by the applicant in connection with work previously completed in the State of Colorado. Other exhibits attached to the application contained examples of project or subdivision

development, and housing plans, photographs of completed buildings, descriptions of materials and specifications, on standard Veterans Administration forms. These were all prepared by Copeland during the time he claims to have been engaged in the practice of architecture.

It is disclosed by the certified record that the application, supplemented by exhibits as above indicated, was filed with the Board November 3, 1955. Refuting the popularly held belief that public agencies, enmeshed in red tape, seldom if ever move speedily, the record discloses that on the very next day, November 4, 1955, the Board, which consists of five members, at a meeting apparently held for the specific purpose, summarily disposed of the application of Mr. Copeland in the following curt manner, according to the minutes of the meeting:

"The application of Mr. Copeland, for a license to practice architecture in the state of Colorado, under Section 14 (2), was examined by the Board and, after careful consideration of Mr. Copeland's application, the Board found that he did not meet the necessary requirements for a license, for the following reasons:

"Motion made by Mr. Sachter, seconded by Mr. Sternberg, that the application and exhibits of Mr. Copeland were insufficient to show that he has practiced architecture in the state of Colorado for a period of three years prior to the effective date of the law, and that the application of Mr. Copeland to practice architecture in the state of Colorado be denied. Motion carried."

The record before us for review contains no adequate findings of fact. There is no evidence contained therein to sustain the conclusion made by the Board as evidenced by the above quoted minutes of the meeting of November 4, 1955.

An administrative board which is charged with a duty to hear and determine applications for licenses to follow an occupation involving personal skill, specialized training and expert knowledge in a particular field, and which presupposes a period of novitiate, is not thereby

empowered to shut the door of opportunity in that field to any person who possesses the required qualifications. The legislature is authorized to prescribe only such qualifications as are reasonably necessary to protect the public interest. The law does not authorize, and the courts will not uphold, any action of an administrative board which savors of monopolistic control over the right of any qualified person to follow his chosen profession.

The statute applicable to the case before us provides that the board *shall* issue a license to any person who has practiced architecture, as defined by law, in Colorado for three years prior to the application for such license. There is nothing in the definition of the term "architecture" which complicates the issue here. There is nothing in the record to indicate that the showing made by Copeland did not come within the broad definition of "architecture" as that word is defined in the statute.

It has been held repeatedly by courts of last resort that the record and findings of administrative boards must disclose the basis of the conclusions reached by them. In the instant case the conclusion of the Board is that the showing of Copeland was "insufficient to show he has practiced architecture in the state of Colorado for a period of three years." We again state that there is not one scintilla of evidence in the record of the proceeding before the Board indicating that Copeland was not engaged in the practice of architecture for the required period of time. If the Board had knowledge of some fact of which it took notice, apart from the exhibits submitted by Copeland, it does not appear in the record.

When, as here, a court is called upon to review the action of an administrative agency, it should be placed in the same position as the agency. "If the administrative agency has knowledge of some fact and acts upon such knowledge, the agency should see to it that what it knows becomes part of the record in order to

permit the reviewing court to evaluate the matter so known." *Geer v. Stathopulos,* 135 Colo. 146, 309 P. (2d) 606. The Board having found no facts warranting the conclusion which it reached has given this court nothing whatever to review.

Another significant fact as shown by the record is that although the action of the Board in denying the application took place within twenty-four hours of the date on which it was filed, for some reason best known to the Board members alone, one month and four days was permitted to elapse before Mr. Copeland was given any notice whatever that his application had been denied. We seriously doubt whether it would have been possible for the five members of the Board, within the maximum twenty-four hour period which intervened between the filing of the application and its rejection, to have given as much as a cursory examination to even a small portion of the voluminous showing made by Copeland in support of his application for a license.

Viewing the action of the Board in a most charitable light, we are led to the conclusion that the delay in notifying Copeland of the rejection of his application until December 8th could have no justification whatever, except to give the impression that the application had actually received considered attention, which it manifestly did not. Every one of the numerous exhibits appended to the application tended to establish Copeland's eligibility to practice architecture under the statute above quoted. Not one word of evidence, not one scratch of paper appearing in the record before us, tends in any manner to support the arbitrary and capricious action of the Board of Examiners of Architects in summarily denying the application in question.

The judgment is affirmed.