No. 18,997.

GERALD M. MCNERTNEY *v.* COLORADO STATE BOARD OF EXAMINERS OF ARCHITECTS, ET AL.

(342 P. [2d] 633)

Decided July 6, 1959.

Messrs. DONALDSON, HOFFMAN & GOLDSTEIN, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. SAMUEL R. FREEMAN, Assistant, for defendants in error.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

PLAINTIFF in error was the plaintiff in the trial court and we refer to him as plaintiff or applicant. Defendants in error were defendants in the trial court and we refer to them as the board.

On July 26, 1955, Plaintiff filed with the board his application for an architect's license as authorized by CRS '53 (Supp.), 10-2-14. On September 23, 1955, this application was supplemented by another on a form provided by the board.

On November 4, 1955, the board, without hearing, entered an order denying the application. Not until December 8, 1955, did the board give applicant notice of its action, at which time it notified applicant by letter:

"The * * * Board * * * *regrets* to inform you that your application * * * has been denied."

On February 8, 1956, plaintiff filed with the board his written request for hearing on and reconsideration of his application. Months passed with no word from the board and no action taken. Finally, after urging by applicant's attorney, the matter was set for hearing and

hearing had and completed on September 8, 1956. On November 9, 1956, the board made written findings, the pertinent parts of said findings being:

"The Board, after carefully considering Mr. McNertney's and Mr. Larsh's testimony, under oath, and after making a careful study of his exhibits, was unable to come to any other conclusion except that Mr. McNertney had not practiced architecture as required by the law.

"It was moved by Mr. Sweet and seconded by Mr. Sachter that the additional testimony and exhibits did not alter the original action of the Board in rejecting Mr. McNertney's application for a license to practice architecture in the state of Colorado. Motion carried."

Plaintiff alleges and it is not denied that he was not notified of the November 9, 1956, action of the board until April 17, 1958, whereupon he commenced this action to have the proceedings of the board reviewed.

The trial court held that the findings of the board to the effect that the plaintiff had not practiced architecture in Colorado for three years prior to May 4, 1955, was not capricious.

The trial court said: "This Court cannot substitute its discretion or judgment for that of the Board.

"The fact that there is present in this case fair and reasonable grounds for a difference of opinion is sufficient to sustain the Board."

Plaintiff is here by writ of error seeking reversal and an order directing the board to issue to him the license requested.

■ The only requirement for an applicant to obtain a license is proof of the fact that he had been engaged in the practice of architecture in Colorado for a period of three years prior to May 4, 1955. In support of plaintiff's claimed three years of practice in Colorado, the board had before it the signed and sworn statements of the plaintiff, his sworn testimony as to the nature, period and times of his practice, supplemented by pictures, plans, specifications, drawings, blue prints, evi-

dence of his work, letters of disinterested persons vouching for his ability as an architect and the fact of his practice. We search the record in vain for one word contradictory of plaintiff's testimony or casting doubt on the authenticity of his exhibits.

The board asked for and was granted permission by plaintiff to interview several persons with whom plaintiff had worked — whether the board interviewed them does not appear.

█ All of the evidence, testimony and exhibits afford ample proof of the fact that plaintiff comes within the statutory requirements which make it mandatory on the board to issue to him a license to practice his profession.

The question presented in this case is the identical question that was presented in *Linder v. Copeland,* 137 Colo. 53, 320 P. (2d) 972, and the decision in that case is conclusive here. The difference between the two cases concerns only the time element. In *Linder v. Copeland,* the application was denied within twenty-four hours after being filed and notice of such denial given thirty-four days thereafter; whereas in the case before us it took the board one year and three months to finally dispose of the application, and an additional year and five months to notify plaintiff of its decision.

█ The board's finding is contrary to all of the evidence presented, there being nothing in the record to support it. The denial of a license here is capricious and arbitrary, evidencing a lack of willingness on the part of the board to comply with a law which it apparently finds distasteful.

The judgment of the trial court is reversed and the cause remanded with directions to the trial court to enter judgment directing the board to issue to the plaintiff the license requested, as of the date requested.